IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ILANA OMO OODUA INTERNATIONAL USA, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-22-435 |
| BRITISH GOVERNMENT, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned action was filed by Ilana Omo Oodua International USA, Inc., on the basis of diversity jurisdiction. ECF No. 1 at 4. The Court has afforded the Complaint liberal construction, because Plaintiff is self-represented. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, as set forth below, the Complaint suffers a multitude of deficiencies that compel its dismissal.

### BACKGROUND

Plaintiff, Ilana Omo Oodua International USA, Inc., is a corporation formed under the laws of Maryland. The Complaint seeks $1 Billion "for historical damages and distortion of cultural values due to the 1914 amalgamation." (ECF No. 1 at 5.) Plaintiff alleges that the "amalgamation document" violated the fundamental rights of the Yoruba people of Nigeria. *Id*. at 6. In addition to monetary damages, Plaintiff demands: "(1) Promotion of Yoruba culture, language and tradition in every British educational institution. (2) Yearly allocation of funds for Yoruba Project related. [and] (3) Return of all Yoruba artefacts stolen in the British Museum." *Id.* at 7.

### PLAINTIFF MAY NOT PROCEED PRO SE AND IS NOT ELIGIBLE FOR IN FORMA PAUPERIS STATUS

The Complaint was filed under the signature of Temtope Ogunwumiju, whose relationship to the corporate plaintiff is not set forth in the Complaint and who has not entered his appearance as counsel for Plaintiff.  *Id*. at 8.  Further, the Complaint is accompanied by a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) that appears to be submitted for the benefit of an unidentified individual.

Because Plaintiff is a corporation and not a natural person, it may not proceed *in forma pauperis*.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 212 (1993) (holding that the *in forma pauperis* statute extends only to natural persons).  Further, corporate entities generally may not appear before the Court without representation of a licensed attorney admitted to practice in this Court.  *Id.* at 201-02 (explaining that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)).  No attorney has entered an appearance on behalf of Plaintiff.

**PLAINTIFF LACKS STANDING AND THIS COURT LACKS SUBJECT MATTER JURISDICTION**

Plaintiff also lacks standing to raise the generalized claims asserted against Defendant. FED. R. CIV. P. 12(b)(1); *Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 412 (4th Cir. 2011); *see In re Bulldog Trucking*, 147 F.3d 347, 352 (4th. Cir. 1998) (holding that a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."). Article III of the United States Constitution requires the federal courts to adjudicate only "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "One

element of the case-or-controversy requirement" is that a plaintiff must establish standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

The doctrine of standing consists of two distinct "strands" – constitutional standing, pursuant to Article III, and prudential standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Of relevance here, "the standing inquiry asks whether a plaintiff ha[s] the requisite stake in the outcome of a case . . . ." *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 187 (4th Cir. 2018) (citing *Friends of the Earth. Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)).

To establish Article III standing, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014); *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018).

In addition to satisfying constitutional standing requirements, a plaintiff must also demonstrate that his claims are not barred by prudential limitations on a federal court's exercise of jurisdiction. *United States v. Windsor*, 570 U.S. 744, 756-57 (2013). Prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" *Elk Grove Unified Sch. Dist.*, 542 U.S. at 11 (citation omitted). One such limitation is that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). This limitation

serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "'access to the federal courts [is] limited to those litigants best suited to assert the claims.'" *Buchanan v. Consolidated Stores Corp.*, 125 F. Supp. 2d 730, 738 (D. Md. 2001) (quoting *Mackey v. Nationwide Ins. Co.*, 724 F.2d 419, 422 (4th Cir. 1984)).

Here, Plaintiff's broadly stated assertions identify no particularized harm it has suffered as a result of a complained of action by Defendant. Moreover, on its face, the claim and accompanying demand for relief rest on the interests of third parties. The Court therefore concludes that Plaintiff lacks standing to pursue this action.

Lastly, federal courts are courts of limited jurisdiction. *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit held in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, he "must allege and, when challenged, must demonstrate[,] the federal court's [subject matter] jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432. Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is commonly referred to as "federal question" jurisdiction.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. Importantly, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011); *see also Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, facts demonstrating proper subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

The Foreign Sovereign Immunities Act is "the sole basis for obtaining jurisdiction over a foreign state" in federal court. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 434 (1989). Federal district courts have exclusive jurisdiction over civil actions against

a foreign state, regardless of the amount in controversy, provided that the foreign state is not entitled to immunity under the FSIA. *See* 28 U.S.C. §§ 1330, 1604; *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. at 434–35. Under the FSIA, a foreign state is presumed to be immune from suit, 28 U.S.C. § 1604, and is in fact immune unless one or more of the exceptions to immunity enumerated in the FSIA applies. *See* 28 U.S.C. §§ 1605–1607; *Saudi Arabia v. Nelson,* 507 U.S. 349, 355 (1993).

A court may dismiss a complaint brought under the FSIA if it appears beyond doubt that a plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir. 1994); *cf. Saudi Arabia v. Nelson,* 507 U.S. at 351 (holding that under the FSIA, a trial court accepts all factual allegations as true).  Accepting as true all well-plead factual allegations set forth in the Complaint, therefore, the Court examines whether the facts alleged are sufficient to establish the jurisdiction of this Court pursuant to the FSIA exception to immunity. Here, Plaintiff alleges no facts on which any FSIA exceptions to immunity apply.

**CONCLUSION**

For the reasons set forth herein, the Court finds: (1) Plaintiff may not appear before this Court absent counsel; (2) Plaintiff is not eligible to proceed *in forma pauperis;* and (3) the Court lacks jurisdiction over this action.  Therefore, by separate accompanying order, the Court will dismiss the Complaint.

____5/24/2022_____  
Date

_____/s/_____  
Julia R. Rubin  
United States District Judge